**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| FRANCIS KAYILA AMOURI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1054-SLP |
| | ) | |
| FRED FIGUREROA, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**O R D E R**

Petitioner, Francys Kayila Amouri, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1]. Before the Court is the Report and Recommendation [Doc. No. 13] (R&R) of United States Magistrate Judge Amanda L. Maxfield. The Magistrate Judge recommends granting, in part, the Petition. Respondents have filed an Objection [Doc. No. 15]. And Petitioner has filed a Response. [Doc. No. 16]. The matter is at issue. The Court reviews de novo any portion of the R&R to which a specific objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are deemed waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R, in part, and GRANTS, in part, the Petition.

## I.    <u>Background</u>

Petitioner, a citizen of the Democratic Republic of the Congo, entered the United States on May 29, 2022.  On December 22, 2022, Petitioner was placed by Immigration and Customs Enforcement (ICE) into removal proceedings through the issuance of a Notice to Appear and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). Petitioner was subsequently released from ICE custody on an Order of Release on Recognizance pursuant to 8 U.S.C. § 1226.  On February 7, 2023, Petitioner filed an application for asylum, which appears to remain pending.

Petitioner was re-detained by ICE on January 5, 2026.  Petitioner has been continuously detained without bond since his arrest pursuant to the mandatory detention provisions set forth in § 1225(b)(2)(A).  When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma.

On March 19, 2026, an Immigration Judge ordered Petitioner removed from the United States.  Petitioner subsequently filed an appeal of the removal order, which remains pending before the Board of Immigration appeals.

On May 9, 2026, Petitioner filed this action, claiming violations of the Immigration and Nationality Act, violation of Respondents own regulations, and a violation of his due process rights under the Fifth Amendment to the United States Constitution.    Petitioner claims that § 1225(b)(2)(A) does not apply to him and that his continued detention without a bond hearing violates his due process rights. As relief, Petitioner seeks release from custody or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a).  Additionally, Petitioner requests that the Court prohibit his transfer during the pendency of this action.

## II.   **<u>Discussion</u>**

The Magistrate Judge recommended that the Court grant habeas relief and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral Immigration Judge (IJ) within seven (7) business days or, in the alternative, for Respondents to release Petitioner from custody.

The Court concurs with the Magistrate Judge's findings and rejects Respondents' statutory interpretation of §§ 1226(a) and 1225(b)(2)(A).  The Magistrate Judge's findings are consistent with this Court's previous determinations that § 1226(a) governs the detention of similarly situated immigration detainees.  *See Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026). The Court's previous determination is in accord with the Tenth Circuit's recent decision, based on indistinguishable material facts.  *See Santillan Quiroz v. Mullin*, -- F.4th --, No. 26-6019, 2026 WL 1876709 at *8 (10th Cir. June 30, 2026) (mandate pending) (holding that "§ 1225(b)(2)(A)'s application is limited to the border").[1]  The Court, therefore, finds that § 1226(a) governs Petitioner's detention, and he is entitled to an individualized bond hearing.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 9] is ADOPTED IN PART and the Petition [Doc. No. 1] is GRANTED IN PART.

---

[1] Similarly, "the Second, Sixth, and Eleventh Circuits have each held that § 1225(b)(2)(A) does not apply to unadmitted noncitizens who . . . are found in the country's interior."  *Id*. at *3 (citing *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia*., 175 F.4th 1258 (11th Cir. 2026); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026).

3

Respondents are ORDERED to provide Petitioner with a proper bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) business days of the date of this Order or otherwise release Petitioner if he has not received a proper bond hearing within that period.[2]

A separate judgment shall be entered.

IT IS SO ORDERED this 28th day of July, 2026.

_____
SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Because the Court finds that habeas relief should be granted on Petitioner's statutory claim, the Court declines to address his remaining claims.